UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE THOMAS,<br><br>Defendant. | Case No. 2:10-cr-00264-MMD-RJJ<br><br>ORDER |

Before the Court is Defendant's Motion to Continue Defendant Eddie Thomas' Scheduled Self-Surrender Date (dkt. no. 37). The Court has reviewed Defendant's Motion, the United States' response to that Motion as well as the records in this case and cannot grant Defendant's Motion.

Defendant seeks to continue his self-surrender date to give him additional time to resolve an outstanding arrest warrant from November 15, 2001, issued by the Los Angeles County Sheriff's Office. (Dkt. No. 37.) Defendant acknowledges that he became aware of this arrest warrant in May 2011, but he represents that he did not have the money to hire an attorney to resolve the matter until "recently." (Id.) Defendant offers a copy of a letter from Ezbkiel Perlo, an attorney he retained to assist him in California. That letter is dated May 25, 2012. Mr. Perlo states that he anticipates he could resolve the outstanding arrest warrant issue in ninety to one hundred and twenty

days. On this basis, Defendant seeks to delay his self-surrender date for another sixty days. The government defers to this Court's discretion, but did note that should the Court grant Defendant's Motion, it should do so once due to the amount of time that Defendant has had to resolve the outstanding warrant issue.

Defendant has known about the outstanding arrest warrant issue for over a year. While Defendant claims that he only recently retained California counsel, the record in this case shows that he made a similar representation to the Court last year. At Defendant's Change of Plea hearing in September 2011, Defendant's counsel represented to the Court that Defendant had been working to resolve the outstanding warrant issue and there is counsel in California working on this issue. (Dkt. no. 31 at 21.) Defendant has not demonstrated to this Court that he has made a good faith effort to resolve the outstanding warrant issue and how he can resolve this issue in the additional sixty days that he is requesting. Indeed, his California counsel represents that he anticipates between ninety and one hundred and twenty days to be able to resolve that matter.

Defendant's Motion to Continued Scheduled Self-Surrender Date is denied.

ENTERED THIS 1st day of June 2012.

_____
UNITED STATES DISTRICT JUDGE